UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN SOLOMONSON,

                Plaintiff,

          -against-

NANCY A. BERRYHILL,

                Defendant.

-------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**
18-CV-5249

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 19 2019 ★
BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

The plaintiff seeks review of the Social Security Commissioner's decision that he was not disabled for the purposes of receiving Social Security Disability benefits under Title II of the Social Security Act. For the reasons set forth below, I remand the case for further proceedings.

On August 21, 2015, the plaintiff filed an application for disability insurance benefits, alleging disability due to ischemic stroke, hypertension, impaired glucose tolerance, slurred speech, and right ataxic hemiparesis. (Tr. 75-76.) The plaintiff's application was denied (Tr. 84-95), after which the plaintiff requested an administrative hearing (Tr. 98-99). Administrative Law Judge Brian Battles held a hearing on November 13, 2017, and, in a decision dated December 29, 2017, held that the plaintiff was not disabled because he was capable of performing light work subject to certain exertional and postural limitations.[1] (Tr. 33-39.) During the hearing, the plaintiff, through counsel, amended his onset date from August 2, 2015, to September 25, 2016. (Tr. 51-52.)

---

[1] At step four of his analysis, the ALJ determined that the plaintiff could still perform his past relevant work as a photojournalist. (Tr. 38-39.)

1

On February 2, 2018, the plaintiff, represented by new counsel, appealed the ALJ's decision. (Tr. 155.) In his application, the plaintiff submitted two new medical reports—a stroke impairment questionnaire by the plaintiff's treating neurologist, Dr. Steven Rudolph, (Tr. 15-20), and a psychological report by Dr. Azaraiah Eshkenazi (Tr. 22-29)—and requested that the case be remanded to ALJ Battles for reconsideration. (*See* Tr. 225-30.) On July 20, 2018, the Appeals Council denied the plaintiff's request for review, finding that the new evidence did not show "a reasonable probability that it would change the outcome of the decision." (Tr. 1-4.) The plaintiff filed this action on September 18, 2018, (ECF No. 1), and moved for judgment on the pleadings.[2] (ECF No. 9.) The defendant cross moved for judgment on the pleadings on April 16, 2019. (ECF No. 11.)

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,' '[w]here an error of law has been made that might have

---

[2] The plaintiff filed a reply brief on May 6, 2019, and attached a recent decision by the Social Security Administration that the plaintiff was disabled as of January 1, 2018. (ECF No. 14-1.) The subsequent award of benefits is not relevant to the disability determination challenged by the plaintiff in this action. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). However, because of the subsequent award of benefits, the proceedings on remand will be confined to the period from September 25, 2016, through December 31, 2017.

2

affected the disposition of the case,'" the court will not defer to the ALJ's determination. *Pollard v. Halter*, 377 F.3d 183, 188–89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

The plaintiff alleges that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because it does not give sufficient weight to the opinion of Dr. Fkiaras, the Social Security Administration's consultative examiner. (ECF No. 10, at 6-8.) The plaintiff further alleges that the ALJ failed to develop the record and did not give a sufficient explanation for his finding that the plaintiff's testimony was not entirely consistent with the medical record. (*Id.* at 9-10, 12-14.) Finally, the plaintiff alleges that the Appeals Council should not have denied his request for review based on "new and material" evidence. (*Id.* at 10-12.) I find that the Appeals Council should not have rejected Dr. Rudolph's report. Accordingly, I remand the case to ALJ Battles so that he can reconsider the plaintiff's RFC.

"A court reviewing the Commissioner's determination must generally base its decision upon the pleadings and transcript in the record." *Corona v. Berryhill*, No. 15-CV-7117, 2017 WL 1133341, at *19 (E.D.N.Y. Mar. 24, 2017) (citing 42 U.S.C. § 405(g) and *Matthews v. Weber*, 423 U.S. 261, 263 (1976) (internal citation omitted)). However, a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Evidence is "new" if the Commissioner has not considered it previously and it is "not merely cumulative of what is already in the record." *Corona*, 2017 WL 1133341, at *19 (quoting *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991)). "New evidence is considered material if (1) it is 'relevant to the claimant's condition during the time period for which benefits were denied,' (2) it is 'probative', and (3) there is 'a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently.'" *Id.* (quoting *Williams v. Comm'r of Soc. Sec.*, 236 Fed. Appx. 641, 644 (2d Cir. 2007) (citations omitted)). Finally, good cause exists where the new evidence "surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of [the prior] proceeding." *Id.* (quoting *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991) (citation omitted)).

Dr. Rudolph, a vascular neurologist at Maimonides Hospital, treated the plaintiff for his acute ischemic stroke in August of 2015. (*See* Tr. 233 *et seq.*) Dr. Rudolph prescribed Simvastatin, Aspirin, Metoprolol, and Amlodipine (Tr. 234), which the plaintiff continued to take at the time of his hearing before the ALJ (Tr. 66-67). Dr. Rudolph last saw the plaintiff in January of 2018, and prepared a stroke impairment questionnaire in which he documented his findings about the plaintiff's condition. (Tr. 15-20.) The plaintiff submitted the questionnaire to the Appeals Council. (*Id.*) According to Dr. Rudolph, the plaintiff had balance problems, weakness, and fatigue, and was able to sit for eight hours and stand or walk for three hours in an eight-hour workday. (Tr. 15-18.)

The Appeals Council should have considered Dr. Rudolph's stroke impairment questionnaire. The report is new—it was prepared after the ALJ's decision—and there is good cause for the plaintiff's failure to submit it because it did not exist at the time of the hearing. *See*

4

*Pollard*, 377 F.3d at 193 ("Because the new evidence submitted by [the plaintiff] did not exist at the time of the ALJ's hearing, there is no question that the evidence is 'new' and that 'good cause' existed for her failure to submit this evidence to the ALJ.").

Moreover, the contents of the stroke impairment questionnaire are material. The ALJ observed that there were "no treatment records during the period at issue" about the "claimant's acute ischemic stroke." (Tr. 37.) The ALJ assigned "little weight" to the opinion of the consultative examiner, Dr. John Fkiaras, and based his RFC assessment—that the plaintiff could do light work—entirely on Dr. Rudolph's treatment notes from August of 2015. (Tr. 37-38.) Dr. Rudolph's retrospective assessment of the plaintiff's condition during the disability period fills the gap in the record that the ALJ identified.[3]

Dr. Rudolph's 2018 assessment—that the plaintiff could stand or walk for only three hours in an eight-hour day—could very well have led the ALJ to reach a different RFC conclusion. Because there is a reasonable possibility that the treating doctor's opinion "would have influenced the [Commissioner] to decide the claimant's application differently," *Williams*, 236 Fed. Appx. at 644, the Appeals Council should have considered it.

The Appeals Council properly declined to consider Dr. Eshkenazi's psychiatric report. First, Dr. Eshkenazi's conclusions would not have affected the ALJ's RFC assessment because the plaintiff did not allege that he had any mental limitations. (Tr. 61-67, 75-76.) Second, Dr. Eshkenazi had no information about the plaintiff's condition during the period of disability because he treated him for the first time in February of 2018. *See Catrain v. Barnhart*, 325 F. Supp. 2d 183, 193 (E.D.N.Y. 2004) (new psychiatric reports submitted based on first-time exams

---

[3] The plaintiff's attorney advised ALJ Battles that there was "no actual treatment going on at the present time." (Tr. 50.)

5

ten months after the ALJ's decision did not report on the plaintiff's condition during the disability period).

## CONCLUSION

The Court remands this case pursuant to the sixth sentence of 42 U.S.C. § 405(g), so that the Commissioner may consider the post-hearing medical evidence from Dr. Rudolph and reconsider the plaintiff's RFC. After hearing the evidence, "the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citing 42 U.S.C. § 405(g)).

Accordingly, I deny the motions by both parties for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and the Clerk of the Court is directed to mark this case closed. The parties may apply to reopen the case upon the filing of additional or modified findings of fact and a decision vacating, modifying, or affirming the Commissioner's prior decision in this case.

**SO ORDERED.**

                                            s/Ann M. Donnelly

                                            Ann M. Donnelly
                                            United States District Judge

Dated: Brooklyn, New York
       November 18, 2019